IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>ROBERT G. LUSTYIK, JR., and<br>JOHANNES W. THALER,<br><br>        Defendants. | **ORDER and**<br><br>**MEMORANDUM DECISION**<br><br>Case No. 2:12-CR-645-TC |

Section 4 of the Classified Information Procedures Act (CIPA), 18 U.S.C. app. 3 (2012), allows the United States, upon its motion and approval by the court, to "<u>delete specified items of classified information</u> from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to <u>substitute a summary of the information</u> for such classified documents, or to <u>substitute a statement admitting relevant facts</u> that the classified information would tend to prove." <u>Id.</u> (emphasis added). The court received such a motion, sealed and *ex parte*, from the United States.

The court, in its discretion, may adjudicate a CIPA Section 4 motion without an adversary proceeding. E.g., <u>United States v. Mejia</u>, 448 F.3d 436, 455-58 (D.C. Cir. 2006); <u>United States v. El-Hanafi</u>, No. S5 10 CR 162 (KMW), 2012 WL 603649, at *1 (S.D.N.Y. Feb. 24, 2012). The court has determined that because of national security interests and the highly sensitive nature of

the material in this case, an *ex parte* review of the motion was appropriate here. Accordingly, the court conducted an *in camera* review of the United States' motion[1] and the relevant classified information provided to the court by the United States (in response to the court's request) under CIPA Section 4.

During its review, the court balanced the interests of the United States and the public in preventing disclosure of certain classified information under the discovery rules against the Defendants' constitutional right to be able to present a full and effective defense to the criminal charges. The court concludes that the United States has made a sufficient showing that certain classified information otherwise subject to discovery should not be disclosed. The court further holds that granting the motion will not withhold information from the Defendants that is helpful or material to their defense.[2] See, e.g., In re Terrorist Bombings of U.S. Embassies in East Africa, 552 F.3d 93, 124-26 (2d Cir. 2008) (articulating standard applicable to court's review); United States v. Aref, 533 F.3d 72, 79-80 (2d Cir. 2008) (same); United States v. Yunis, 867 F.2d 617, 623 (D.C. Cir. 1989) (same); El-Hanafi, 2012 WL 603649, at *2 (same).

For the reasons set forth above and in the United States' *ex parte* sealed motion under CIPA Section 4, the motion is GRANTED. The Government's motion and the court's Sealed *Ex Parte* CIPA Section 4 Order have been filed through the court-appointed Court Security Officer

---

[1] The Government properly invoked the state secrets privilege through the head of the department which has control over the matter. See United States v. Aref, 533 F.3d 72, 80 (2d Cir. 2008) (noting requirement under CIPA Section 4).

[2] The court makes this determination after holding an *ex parte* meeting with defense counsel (which occurred before the United States filed its CIPA Section 4 Motion) to hear their theories of the case and anticipated defenses.

Branden Forsgren and preserved in the case record in the event of an appeal of the decision.

    SO ORDERED this 13th day of March, 2014.

                                    BY THE COURT:

                                    TENA CAMPBELL
                                    U.S. District Court Judge